Rainwater v. Brown, et al.          CV-03-373-M    02/19/04
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Curtis Rainwater,
     Plaintiff

     v.                                    Civil No. 03-373-M
                                           Opinion No. 2004 DNH 035
James Brown and
Anthony Thibeault,
     Defendants


                        **O R D E R**


     In this suit, Curtis Rainwater, an inmate of the New

Hampshire State Prison ("NHSP"), has sued James Brown and Anthony

Thibeault, two NHSP correctional officers, asserting that they

violated his First Amendment right of access to the courts by

interfering with his privileged mail from July 18, 2003, through

July 25, 2003.  See 42 U.S.C. § 1983.  Before the court is

defendants' unopposed motion for summary judgment.


     Defendants move for summary judgment on grounds that

plaintiff has failed to exhaust his administrative remedies, as

required by the Prison Litigation Reform Act ("PLRA").  The PLRA

exhaustion requirement provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). To exhaust his remedies, for purposes of the PLRA, a prisoner must strictly comply with his prison's grievance process. See McCoy v. Goord, 255 F. Supp. 2d 233, 246 (S.D.N.Y. 2003) (citations omitted). When an inmate files suit without having first exhausted his administrative remedies, dismissal is appropriate. See Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).

Here, defendants have produced admissible evidence, unopposed by plaintiff, demonstrating that plaintiff never initiated, much less exhausted, his administrative remedies regarding claims of interference with his mail between July 18 and July 25, 2003. Accordingly, defendants are entitled to dismissal of plaintiff's § 1983 claim asserting a violation of his constitutional right of access to the courts.

For the reasons given above, defendants' motion for summary judgment (document no. 11) is granted. Because defendants are

entitled to judgment, plaintiff's motion to amend (document no. 10) is necessarily moot.  The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 19, 2004

cc:  Curtis Rainwater
     Mary E. Schwarzer, Esq.